UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MICHAEL TRIMARCO,

              Plaintiff,

    -against-

DATA TREASURY CORPORATION (an
instrumentality under the control and dominion
of Shephard Lane); SHEPHARD LANE;
JONATHAN BRACKEN; SCOTT MOLLEN;
JOHN CIARELLI; RICHARD B. FRIEDMAN;
LINDA MARGOLIN; KEITH DELUCIA;
CLAUDIO BALLARD; KENNETH
BAYNE; SANDY FLIDERMAN; MAURICE
FREEDMAN, Agents or Attorneys for Data
Treasury Corporation; HON. EMILY PINES,
Justice, New York Supreme Court, Suffolk
County; MICHAEL KRYSYNSKY, Clerk, New
York Supreme Court, Suffolk County; JOHN
DOE Professional Liability Insurance Carrier(s)
(a), (b), (c), (d) and (e) representing each
Attorney Defendant.

              Defendants.
-------------------------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM**
**AND ORDER**
14-CV-3213 (CBA) (LB)

**AMON, Chief United States District Judge:**

      Plaintiff Michael Trimarco, proceeding <u>pro se</u>, commenced this action on May 22, 2014. Trimarco has paid the requisite filing fee to bring this action. For the reasons that follow, the Court dismisses the claims against Justice Emily Pines and her law clerk, Michael Krysynsky.

## BACKGROUND

      Trimarco sued Data Treasury Corporation ("DTC"), Index No. 03/30324, in the Supreme Court of New York, Suffolk County, which resulted in a 41-day trial before Justice Pines. (Compl. ¶¶ 2, 100, 126.) In the state court proceeding, Trimarco brought a breach of contract claim against DTC for DTC's alleged failure to honor his stock option agreement. (<u>Id.</u> ¶ 100.)

1

After trial, Trimarco's claim was dismissed. (Id. ¶ 104.) Trimarco subsequently filed this action, generally alleging that defendants "obtain[ed] a fraudulent verdict in DTC's favor in their defense against Plaintiff Michael Trimarco's prior law suit." (Id. ¶ 2.) Several of the defendants in the instant action were involved in Trimarco's state court action, including DTC, employees of DTC, DTC's attorneys, Justice Pines, and her principal law clerk, Michael Krysynsky. (Id. ¶¶ 22-50.) Trimarco asserts claims under 42 U.S.C. § 1983; the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 et seq.; and N.Y. Judicial Law § 487.

## STANDARD OF REVIEW

The Court acknowledges that because Trimarco is proceeding pro se, his complaint is held to less stringent standards than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). A district court nonetheless has the inherent authority to dismiss a case, sua sponte, if it determines that the action is frivolous or the court lacks jurisdiction over the matter, regardless of whether the plaintiff has paid a filing fee. Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3). A case is "'frivolous' when 'it is clear that the defendants are immune from suit.'" Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

## DISCUSSION

Trimarco's claims against Justice Pines and her law clerk are frivolous because it is clear that they are immune from suit. It is well settled that judges have absolute immunity for judicial acts performed in their judicial capacities. See Mireles v. Waco, 502 U.S. 9, 9-11 (1991); Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009). This immunity extends to "certain others who perform functions closely associated with the judicial process." Cleavinger v. Saxner, 474 U.S. 193, 200 (1985); see Oliva v. Heller, 839 F.2d 37, 40 (2d Cir. 1988) (finding that law clerk "who

was clearly assisting the judge in carrying out judicial functions, was covered by the doctrine of absolute immunity"). Notably, judicial immunity cannot be overcome by allegations of bad faith or malice. Tucker v. Outwater, 118 F.3d 930, 932 (2d Cir. 1997). Rather, judicial immunity is "overcome only when (1) the action is nonjudicial, i.e., not taken in the judge's judicial capacity; or (2) the action, although judicial in nature, is performed in the complete absence of any jurisdiction." Miller v. Cnty. of Nassau, 467 F. Supp. 2d 308, 312 (E.D.N.Y. 2006) (citing Mireles, 502 U.S. at 11-12).

Here, Trimarco's allegations against Justice Pines and her law clerk are based solely on acts performed in a judicial capacity in connection with Trimarco's state court action. (See, e.g., Compl. ¶ 47 (alleging that "a number of Justice Pines['] decisions and rulings regarding the Trimarco Options case are suspicious"); id. ¶ 50 (alleging that "[a] number of Defendant Kruzynski's [sic] actions and comments, ex parte communications with opposing counsel, and contributions to Justice Pines' jurisprudence in relation to the Trimarco Options [case] are suspicious").) Even to the extent Trimarco alleges that Justice Pines presided over the trial despite having a conflict of interest, (id. ¶¶ 141-46), this is not sufficient to overcome judicial immunity. See Zahl v. Kosovsky, No. 08-CV-8308 (LTS)(THK), 2011 WL 779784, at *9 (S.D.N.Y. Mar. 3, 2011) (rejecting argument that judge was not entitled to judicial immunity when she failed to recuse herself for an alleged conflict of interest). Accordingly, Trimarco's claims against Justice Pines and her law clerk are foreclosed by absolute judicial immunity.

## CONCLUSION

The claims against Justice Pines and her law clerk are hereby dismissed as frivolous. Although plaintiff has paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma

pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 30, 2014
Brooklyn, N.Y.

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge