FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 29 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHAEL TRIMARCO,

        Plaintiff,

-against-

DATA TREASURY CORPORATION (an
instrumentality under the control and dominion
of Shephard Lane); SHEPHARD LANE;
JONATHAN BRACKEN; SCOTT MOLLEN;
JOHN CIARELLI; RICHARD B. FRIEDMAN;
LINDA MARGOLIN; KEITH DELUCIA;
CLAUDIO BALLARD; KENNETH
BAYNE; SANDY FLIDERMAN; MAURICE
FREEDMAN, Agents or Attorneys for Data
Treasury Corporation; JOHN DOE
PROFESSIONAL LIABILITY INSURANCE
CARRIER(S) (a), (b), (c), (d) and (e) representing
each Attorney Defendant,

        Defendants.
------------------------------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
14-CV-3213 (CBA) (LB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 29 2014 ★
BROOKLYN OFFICE

**AMON, Chief United States District Judge:**

Plaintiff Michael Trimarco commenced this action, pro se, on May 22, 2014. In an order dated August 13, 2014, Magistrate Judge Lois Bloom advised Trimarco that service had not been properly effected as to any of the named defendants in the instant action. (Docket Entry ("D.E.") # 18.) Magistrate Judge Bloom explained that although Trimarco had filed proofs of service indicating that Christopher Greeley was served as an agent for several of the defendants, Mr. Greeley was not authorized to accept service on behalf of those defendants. Accordingly, Magistrate Judge Bloom directed Trimarco to file a proper proof of service for each defendant by October 1, 2014. Trimarco failed to do so and, on October 22, 2014, Magistrate Judge Bloom issued a Report and Recommendation ("R&R") recommending that this Court dismiss Trimarco's action pursuant to Federal Rule of Civil Procedure 4(m). (D.E. # 21.)

1

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted).

The Court has reviewed the record and, finding no clear error, adopts Magistrate Judge Bloom's R&R with the following additional discussion. The Court notes that on June 20, 2014—before Magistrate Judge Bloom directed Trimarco to file proper proof of service for all defendants—defendant Scott Mollen, a partner at the law firm of Herrick, Feinstein LLP, filed a letter to request an extension of time to respond to the complaint. In this letter, Mollen stated that he was "the only defendant in this matter that ha[d] been properly served." (D.E. # 14 at 3.) Mr. Greeley, who is also a partner at Herrick, Feinstein LLP, subsequently explained that he had been served on behalf of Mollen, and that the proof of service filed for Mollen "suggests that [Mr. Greeley] as a partner of Herrick Feinstein LLP substitutes as proper service on Mr. Mollen. . . . Despite these deficiencies and inaccuracies, Mr. Mollen accepted the deficient service." (D.E. # 16 at 3.) In this letter, Mr. Greeley also explained that Trimarco had attempted to serve several of the other defendants by personally serving Mr. Greeley, despite the fact that Mr. Greeley was not authorized to accept service for those defendants. (Id.)

The order dated August 13, 2014, which advised Trimarco to file a new proof of service as to all defendants including Mollen, did not discuss Mollen's apparent acceptance of service. It was nonetheless appropriate to require Trimarco to file a new proof of service for Mollen,

2

along with the other named defendants, because Trimarco's attempt to serve Mollen was not sufficient. Federal Rule of Civil Procedure 4(e) provides that service on an individual defendant may be completed by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). As with the other defendants, the initial proof of service filed for Mollen indicates that Mr. Greeley was served on behalf of Mollen. (D.E. # 6.) Trimarco does not allege that Mr. Greeley is an agent authorized to receive service of process for Mollen. Rather, the proof of service for Mollen only asserts that Mr. Greeley is authorized to accept service of process on behalf of Herrick, Feinstein LLP. (See id. (stating that Christopher Greeley "is designated by law to accept service of process on behalf of Herrick, Feinstein – which is Scott Mollen's law firm").) Moreover, under New York law, in order to effect service "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business . . . of the person to be served," the summons must also be "mail[ed] . . . to the person to be served at his or her last known residence or . . . by first class mail to the person to be served at his or her actual place of business" within twenty days of the delivery. N.Y. C.P.L.R. 308(2). There is no indication on the proof of service for Mollen that, in addition to serving Mr. Greeley at Mollen's place of business, Trimarco sent a copy of the summons to Mollen.

Dismissal of the action without prejudice is therefore appropriate as to Mollen. Plaintiff failed to object to the R&R and thus has not claimed that Mollen waived any objection to

3

insufficient service of process. Mollen has not yet been required to file a responsive pleading nor has he sufficiently participated in the litigation so as to make a claim of waiver irrefutable. See Santos v. State Farm Fire & Cas. Co., 902 F.2d 1092, 1094-95 (2d Cir. 1990); Datskow v. Teledyne, Inc., 899 F.2d 1298, 1303 (2d Cir. 1990). After Mr. Greeley notified the Court that service was deficient, Magistrate Judge Bloom provided Trimarco with an extension of time to properly serve all of the defendants including Mollen. Trimarco failed to do so by the October 1, 2014 deadline set by Magistrate Judge Bloom. Indeed, Trimarco has not appeared in this action since August 12, 2014 (D.E. # 19), and did not object to the R&R. Trimarco's complaint is therefore dismissed without prejudice. The Clerk of Court is directed to enter judgment accordingly and close the case.

SO ORDERED.
Dated: December 29, 2014
Brooklyn, N.Y.

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge